LITTLE ROCK *v.* NORTH LITTLE ROCK.

Opinion delivered February 6, 1904.

72    195
88    330

1. STATUTE—REASONABLENESS.—The mere fact that a statute may seem to be more or less unreasonable and unwise does not justify a court in annulling it, as courts do not sit to supervise legislation and keep it within the bounds of propriety and common sense.     (Page 201.)

2. SAME—FRAUD.—The courts will not inquire whether the passage of an act was obtained in a fraudulent or surreptitious manner.  (Page 201.)

3. CONSTITUTIONAL LAW—DUE PROCESS.—Acts 1903, p. 148, which provides that any municipal corporation, or any part thereof, may be annexed to any other municipal corporation located within one mile, but fails to provide in respect to the property and debts of the old corporation from which the territory is taken, is not void as authorizing a taking of property without due process of law.  (Page 202.)

4. SAME—SPECIAL LEGISLATION.—Acts 1903, p. 148, providing that "any municipal corporation, or any part thereof, may be annexed [to] and made part of any other municipal corporation located within one mile," etc., where the combined territory thus formed is "susceptible of making a compact and proper municipal corporation," and prescribing the conditions upon and procedure by which the annexation may be accomplished, is not invalid as being special legislation, as it applies to all cities and towns coming within the class named.  (Page 203.)

5. MUNICIPAL CORPORATIONS—ANNEXATION.—Acts 1903, p. 148, providing that "any municipal corporation, or any part thereof, may be annexed [to] and made part of any other municipal corporation located within one mile" etc., where the combined territory thus formed is "susceptible of making a compact and proper municipal corporation," does not permit the annexation of non-contiguous territory, unless the intervening territory can also be annexed.  (Page 203.)

6. JURISDICTION OF COUNTY COURT—LOCAL CONCERNS.—The change of boundaries between two municipal corporations is not a "local concern" within art. 7, § 28, Const. 1874, giving to county courts "exclusive original jurisdiction in all matters relating to county taxes, roads, bridges, ferries, paupers, bastardy, vagrants, the apprenticeship of minors, the disbursement of money for county purposes, and in every other case that may be necessary to the internal improvement and local concerns of the county."  (Page 204.)

7. CONSTITUTIONAL LAW—DELEGATION OF LEGISLATIVE POWER.—Acts 1903, p. 148, providing that, before a municipal corporation, or any part thereof, shall be annexed to another municipal corporation, there shall be held

an election in which a majority of the qualified voters in the territory to be annexed and in the municipal corporation to which the annexation is to be made shall vote in favor of the proposed annexation, is not unconstitutional, as being a delegation of legislative power to the voters. (Page 205.)

8. SAME.—Acts 1903, p. 148, provides that the city council of the corporation to which annexation is sought to be made shall not, after petition therefor duly filed, order an election to determine whether the annexation shall be made unless it appears that the boundaries of the corporation so formed will promote the convenience and welfare of the people of such combined territory and be susceptible of making a compact and proper municipal corporation. *Held,* that whether the discretion thus conferred on the city council is legislative or not, the act is constitutional. (Page 206.)

Appeal from Pulaski Chancery Court.

JESSE C. HART, Chancellor.

Suit by the city of Little Rock and others against the town of North Little Rock and others, to restrain proceedings for the annexation of a portion of the city to defendant town. The chancellor sustained a demurrer to the bill, and plaintiffs have appealed. The facts are stated by the court as follows:

STATEMENT BY THE COURT.

In 1903 the legislature passed an act entitled "An act to amend the laws in relation to Municipal Corporations," which contains the following provisions:

"Section 1. That any municipal corporation, or any part thereof, may be annexed and made part of any other municipal corporation located within one mile of the municipal corporation to which the same is to be annexed, in whole or in part, but before such annexation shall be made or declared, the council or board of aldermen of either the corporation to which said other territory is to be annexed, or that which is to be so annexed in whole or in part, shall order an election, after giving thirty days notice thereof by publication once a week in a newspaper, if one be published or circulated in said territory, and by printed posters posted in conspicuous places in said territory, the giving of which notice shall be proved by the affidavit of two or more persons cognizant

of the fact that such notice has been duly given. But no such election shall be ordered by such council or board of aldermen until petitions asking that said election shall be held have been filed with such board or council, signed by a majority of the qualified electors in said territory to be annexed and that to which the annexation is to be made respectively, that is, said majority of petitioners shall be required from each of said respective parts separately considered, and not a majority resident in the combined territory as it would be after the consolidation or annexation had been effected. Said petitions shall be accompanied by a map or a plat showing plainly the territory to be annexed, and the said council or board shall not order such election, notwithstanding such petitions may be filed, unless it shall appear that the boundaries of the corporation thus to be formed by annexation or consolidation as aforesaid will promote the convenience and welfare of the people of said combined territory, and be susceptible of making a compact and proper municipal corporation."

The act then proceeds to declare that, unless a majority of all the votes cast is in favor of the annexation or consolidation, the proposition shall be deemed to be rejected, but, if a majority be in favor thereof, the council shall so declare, and place the same on its records, and thereafter the consolidated territory and the inhabitants thereof shall constitute a municipal corporation under the name of the corporation to which the annexation is made. It is unnecessary to set out the remainder of the statute, which has reference mainly to the manner of holding the election. Under this statute the town council of the town of North Little Rock, on the 18th day of June, ordered that an election be held on the 21st day of July, 1903, submitting to the voters of the incorporated town of North Little Rock and to the voters of the Eighth ward of the city of Little Rock the proposition as to whether the territory now embraced in the Eighth Ward of that city should be annexed to the town of North Little Rock. Thereupon the city of Little Rock, the mayor and members of the city council and certain other citizens and owners of property in the city of Little Rock filed a complaint in the chancery court of Pulaski county, alleging that the statute in question was unconstitutional and void for several reasons stated in the complaint; that, unless the town of North Little Rock be restrained from proceeding further under

said statute, the election would be held, and that the town would assume jurisdiction over the Eighth Ward of the city of Little Rock; that the result would be that both the city and the town would be attempting to exercise jurisdiction over the same territory; and that great confusion and uncertainty as to the validity of licenses, privileges, and franchises granted by either corporation in said ward would exist, to the irreparable injury of the city and state. Wherefore they prayed that an injunction be granted restraining the town from any further proceedings under the act and from in any way assuming jurisdiction over the territory embraced in the Eighth Ward.

The town of North Little Rock and other defendants appeared by attorney, and filed a demurrer to the complaint, stating that the complaint did not state facts sufficient to constitute a cause of action or to entitle plaintiffs to the relief asked.

After consideration thereof the chancellor sustained the demurrer, and dismissed the complaint for want of equity, and the plaintiffs appealed.

*Ashley Cockrill, W. L. & W. J. Terry, Morris M. Cohn,* for appellants.

The act is void because its passage was obtained in a fraudulent and surreptitious manner. 2 Ark. 260; 25 Ark. 556; 35 Ark. 205; 35 Ark. 331; 17 Ark. 512; 1 Big. Fraud, 86-100; Const. 1874, art, 5, § 22. The act empowers appellee to annex only such material part of Little Rock as is represented by the governing body. 23 Am. & Eng. Enc. Law, 361; 144 U. S. 47; 143 U. S. 457; 25 Ark. 104; 174 U. S. 47; 37 Ark. 495; 34 Ark. 263; 11 Ark. 44; 3 Ark. 285; 48 Ark. 307; 56 Ark. 495; 58 Ark. 414, 438; 66 Ark. 466. The act is unconstitutional. Rose, Const. 25; 49 Ark. 528; 166 U. S. 226; 167 U. S. 409; 170 U. S. 243; 165 U. S. 578; 43 Cal. 331; 31 Ark. 494; 21 Ind. 370; 30 Ark. 677; 13 Wall. 166; 169 U. S. 466; Const. 1874, art. 2, § 22; 54 Ark. 140; Hare, Am. Const. § 22; 148 U. S. 186; 85 Fed. 723; 56 Fed. 352; 67 Ark. 30; 34 Ark. 105; 56 Ark. 148; 47 Ark. 283; 4 Wheat, 518; 140 U. S. 333; 155 Ill. 441; 33 N. E. 695; 26 La. Ann. 478; 30 *Ib.* 190; 166 N. Y. 1; 28 Mich. 228; 54 Tex. 153; 31 Pa. St. 175; 3 Hill, 531; Cooley, Taxation, 688; 47 N. J. Law, 93; 47 Ark. 283; 67 Ark. 30; 56 Ark. 148; 1 Ark. 181; 31 Pa. St. 175; 28 Mich.

240; 166 U. S. 233; 13 Ark. 198; 15 Ark. 43; 51 Ark. 235; 36 Ark. 166; 4 Pac. 800; 58 Ark. 428; 69 Ark. 516; 1 Dill, Mun. Corp. § 68a; 75 Ill. 153; 184 Ill. 717; 33 Ark. 497; 52 Ark. 430; 100 U. S. 514. The act is in violation of § 12, art. 11 and § § 2, 3, 4 and 6 of art. 13, Const. 1874. 36 Ark. 75; 85 Ala. 144; 83 Ill. 590; 183 Ill. 419; 20 Oh. St. 37; 31 *Id.* 608; 46 *Id.* 276; 132 Pa. St. 275; 113 *Id.* 176; 20 Atl. 886; 15 Atl. 272; 68 Am. St. 579. Also violates art. 7, § 28. 33 Ark. 508, 191; 43 Ark. 67; Cooley, Const. Lim. 140; 22 Pac. 616; 40 Ark. 548; 36 Ark. 466; 26 Ark. 464; 37 Ark. 364. Also violates Const. 1874, art. 5, § 23. 52 Ark. 290; 49 Ark. 131; 61 Ark. 622; 13 Mich. 481; 88 N. W. 171; 66 Pac. 478; 64 Pac. 764; 41 Ala. 9; 6 Ind. 31; 71 N. W. 995; 21 Mich. 236; 61 Ark. 625; 163 Ill. 414. Art. 5, § 1, Const. 1874, is violated. Cooley, Const. Lim. 140; 35 Ark. 69; 40 Ark. 290; 56 Ark. 110; 85 Ala. 144; 19 Pac. 63; 79 Pa. St. 317; 55 Ind. 515; 29 Mich. 451; Dill, Mun. Corp. 112; 4 Wheat, 518; Smith, Mun. Corp. § 431; Tied. Corp. § 56; 51 Md. 465; 56 Ark. 202; 43 Ark. 324; 49 Ark. 518; 52 Ark. 529; 56 Ark. 110. The ordinance and order sought are void for unreasonableness. 134 U. S. 418; 169 U. S. 366; 137 U. S. 245; 49 Ark. 199; 87 Mo. 396; 68 Mo. 544.

*James P. Clarke, Rose, Hemingway & Rose,* and *Blackwood & Williams,* for appellee.

The motives and purposes for which a bill was passed cannot be inquired into. 36 Kan. 42; 44 Oh. St. 348; 11 Ind. 431; 30 *Id.* 514; 33 Pa. St. 278; 39 Cal. 202; 2 Cal. 168; 22 La. Ann. 545: 30 Cal. 266; 8 Ind. 303; 92 N. Y. 139; 44 Oh. St. 358; 128 N. Y. 345; 89 Tenn. 487; 15 Lea, 634; 41 N. Y. 137; 11 Ind. 424; 13 Mich. 485; 130 U. S. 319; 102 U. S. 472; Cooley, Const. Lim. 225. The effect of the demurrer: 89 Tenn. 495; 39 Cal. 201; 44 Ark. 550; 51 Ark. 566. The act does not take property from the city without due process of law, and no injustice is done. 35 Ark. 61; 33 Ark. 506; 52 Ark. 432; 16 Mass. 75; 68 Ark. 90; 86 Ill. 616; 104 U. S. 78; 1 Beach. Pub. Corp. § 398; 101 U. S. 29; 120 U. S. 68; 56 Ark. 148. The constitution is not violated. 23 Am. & Eng. Enc. Law, 148; 37 Minn. 322; 8 Cal. 417; 40 N. E. 503; 50 Kan. 508; 19 Atl. 972; 40 N. E. 508; 40 Oh. St. 98; 17 Cal. 547; 42 N. J. L. 435; 50 Kas. 508; 38 Kas. 590; 52 Ohio St. 419. Due notice was given. 92 U. S. 801; 52 Ark. 538; 115 U.

S. 321; 149 U. S. 30; 13 R. I. 50; 84 Va. 861; 2 Mich. 560; 63 Ia. 718; 17 W. Va. 812; 80 Ia. 626; 189 U. S. 383; 36 Ark. 184. The legislature had authority.  21 Ark. 49; 36 Ark. 139; 37 Ark. 369; 33 Ark. 575; 27 Ark. 421; Cooley, Const. Lim. 142; 38 Ark. 82; 21 Ark. 41; 42 Kan. 435; 33 Ark. 513; 43 Ark. 327; 27 Ark. 421; 24 Ia. 445.  The act is not in violation of § 23, art. 5 of the constitution.  61 Ark. 622; 31 Ark. 263; 47 Ark. 48; 49 Ark. 134; 52 Ark. 326; 64 Ark. 469; 45 Ark. 400; 17 Wis. 631; 52 Ark. 329; 47 Ark. 476.  There is no conflict with § 1, art. 5, Const. 1874.  52 Oh. St. 419; 4 Mont. 174; 43 Ia. 252; 80 Ia. 626; 43 Ark. 327; 54 Ark. 321; 56 Ark. 202; 20 Fla. 344; 33 Ark. 497; 43 Ark. 324; 52 Ark. 430; 68 Ark. 83; Cooley, Const. Lim. 151; 36 N. Y. 72; 56 Ark. 110; 104 Ill. 653; 29 Kas. 672; 54 Ark. 321; 55 Ind. 515; 35 Ark. 56; 80 Ia. 620; 36 N. W. 816; 40 N. E. 508; 43 Ark. 329; 189 U. S. 383; 56 Ark. 203; 56 Ark. 110; 52 Ohio St. 508; 38 Miss. 652; 104 Ill. 653; 29 Kas. 672.  The ordinance is not unreasonable.  44 N. W. 1031; 8 Enc. P. & P. 830; 6 Am. & Eng. Enc. Law, 1029; 23 Pac. 652; 24 Pac. 1110; 35 S. W. 1112; 19 S. E. 398; 21 S. E. 738; 39 Pac. 974; 35 Atl. 858; 16 Pac. 298; 143 U. S. 693; 67 N. W. 1037.

*Ashley Cockrill, W. L. & W. J. Terry,* and *Morris M. Cohn,* for appellant in reply.

Annexed territory is liable for pre-existing indebtedness. Dill. Mun. Corp. § 185; 11 Ohio St. 96; 8 *Id.* 285; 94 Ga. 557; 81 Mich. 123.  The power to change boundaries of a municipal corporation is legislative.  Beach. Corp. § 80; 71 Fed. 443; Dill. Mun. Corp. § 9; Cooley, Const. Lim. 232; 114 Mass. 220; 29 Mich. 451; 75 Ill. 152; 6 Cal. 143; 55 Ind. 515; 7 Ind. 157; 8 Blackf. 361; 67 N. W. 1033; 80 Ia. 626; 54 N. J. L. 288; 24 N. Y. 86; 75 Ill. 152; 71 Fed. 443; 6 Cal. 143; 29 Mich. 451; 36 Atl. 706; 26 Pac. 375; 135 Cal. 466.  If power delegated is not legislative, then it is judicial.  30 L. R. A. 576; 43 Ia. 252.  The act is unconstitutional, because the legislature has not power to authorize the annexation of noncontiguous territory.  27 L. R. A. 751; 22 Mo. 384; 80 Wis. 189; 50 Wis. 218; 46 Kan. 738; 92 U. S. 214; 100 U. S. 82; 106 U. S. 629; 114 U. S. 304; 120 U. S. 678; 23 S. C. 678.  The discretion granted by the act is a legislative one, and cannot be granted to the city council.  10 S. E.

398; 21 So. 738; 30 Atl. 543; 33 Atl. 858; 29 Mich. 451; 54 Ark. 324; 56 Ark. 262; 51 Md. 465; 61 N. W. 1033; 21 N. W. 750; 88 N. W. 1023.

RIDDICK, J. (after stating the facts). This is an action brought by the city of Little Rock and other parties to enjoin the town of North Little Rock and its mayor and the members of its common council from proceeding further under the act of March 16, 1903, in their attempt to annex the territory embraced in the Eighth Ward of the city of Little Rock to the incorporated town of North Little Rock. The statute under which the annexation is attempted has been assailed by counsel for the city on many grounds, and we will now state the conclusions we have reached in reference thereto.

In the first place, we will say that the language of the act seems to us plainly to authorize the annexation of a part of one city to another town or city when they are so situated in respect to each other as to bring them within the scope of the statute, and, if the relief asked by the plaintiffs can be granted, it must rest on the fact that the statute is invalid for want of power in the legislature to enact it. It may be well also to repeat in this connection the somewhat trite remark that the mere fact that a statute may seem to be more or less unreasonable and unwise does not justify a court in annulling it, where no constitutional provision is infringed, for courts do not sit to supervise legislation and keep it within the bounds of propriety and common sense. The remedy against legislation that is merely unwise or impolitic is by an appeal, not to the courts, but to the legislature that enacted the law, and which can repeal or amend it as justice and equity may require. Cooley, Const. Lim. (4th Ed.), p. 204.

It is equally clear that we cannot inquire into the motives of the legislature in passing the act nor into the means by which they were induced to enact it. The allegation in the complaint that the passage of the act was obtained in a faudulent and sur-reptitious manner, cannot be considered, for we have no right to inquire into or consider such matters. If courts should enter upon such inquiries, and annul laws because they seem to be unwise or impolitic, or because improper influence was brought to bear upon the legislature to secure their passage, no one could rely upon any law until it had been submitted to the courts for their approval.

The adoption of such a rule would invest the courts with legislative as well as judicial powers, and would be clearly in violation of the provision of our constitution which declares that one department of the government shall not exercise the powers conferred upon another and different department.

The question before us, then, is not whether the act is impolitic and unwise, nor whether its passage was secured by improper influences, but whether the legislature had power to pass it. The act in question relates to the change of the boundaries between, and the consolidation of, towns—a matter over which the legislature has a large discretion; and there can be no question of the power of the legislature to pass this statute unless its power in that respect has been limited by some provisions of our state constitution.

. Counsel for the city say that the act is void because, as they contend, it authorizes the town of North Little Rock to take private property without due process of law and without compensation. But we find nothing in the act that justifies such a conclusion. The act does not purport to deal with property of any kind, but only with the territory of towns and cities, which, under certain circumstances, it provides may be annexed to other corporations of that kind. Speaking of this subject, Judge Dillon, in his work on Municipal Corporations, says that "it has often been held that if a corporation is created out of the territory of an old corporation, or if part of its territory or inhabitants is added to another corporation, unless some provision is made in the act respecting the property and the existing liability of the old corporation, the latter will be entitled to all the property, and be solely answerable for all the liabilities." 1 Dillon on Municipal Corporations, § 188; *Laramie Co.* v. *Albany Co.,* 92 U. S. 307.

We are not called upon to consider or decide in this case what property of the city of Little Rock will pass by these annexation proceedings to the town of North Little Rock, further than may be necessary in order to decide the validity of the act in question. As before stated, the act does not refer to property in any way, nor undertake to transfer private property belonging to the city of Little Rock to the town of North Little Rock. And the fact that the city of Little Rock is left to bear all the debts of the city previously incurred does not affect the validity of the act.

If there be any injustice in that respect, it can be corrected by subsequent legislation. The contention of counsel for the city on that point must be overruled.

Nor can we agree with the contention that this is a special act, and in violation of the provision of the constitution which prohibits the legislature from creating municipal corporations, or conferring corporate powers by special act. The difference between a general and a special statute is that a general law applies to all of a class, while a special statute applies to one or to a part of a class only. *Little Rock & Ft. S. Ry. Co.* v. *Hanniford,* 49 Ark. 291; *Wheeler* v. *Philadelphia,* 77 Pa. St. 348; 23 Am. & Eng. Enc. Law (1st Ed.), 148.

To make the law general it is not necessary that it should operate upon all cities and towns of the state. It is sufficient if it applies to all towns and cities in the state coming within the class named in the statute. We may concede, as counsel contend, that a statute, though in the form of a general law, may still be special if it be intended to apply, and can apply, to only one city or town in the state. But that is not true of this statute, for it is admitted that at present there are at least two different localities in the state which come within the statute, and it is reasonably certain that there will be other localities in the future coming within the class described. Nor do we think that the classification made by the statute is entirely arbitrary and unreasonable. Towns and cities separated by miles of intervening space cannot be conveniently consolidated or annexed, and laws in reference to the consolidation of towns or to the change of boundaries between them cannot apply to such places. It follows, therefore, that a statute which relates to the consolidation of towns and cities, or to the change of boundaries between them, may properly classify together those towns and cities that adjoin or lie near each other, for the position of such towns and cities in reference to each other distinguishes them from other municipalities not so situated, and constitutes a reasonable basis for classification in such legislation. *State ex rel.* v. *Cincinnati,* 52 Ohio St. 419; *State* v. *Ellet,* 21 Am. Rep. 772, and note to same.

Again, it will be noticed that the act only authorizes the annexation or consolidation to be made in those cases where the combined territory, when consolidated, "will be susceptible of

making a compact and proper municipal corporation." This shows that the intention of the legislature was to permit the consolidation of noncontiguous towns in such cases only where the intervening territory could also be annexed, or where they were connected in such way as to make the consolidation proper and lawful. For this reason the objection made, that the act authorizes the annexation of noncontiguous territory, is, we think, not tenable.

It is next said that the attempt of the legislature to confer authority upon a town council to order an election upon the question of a change of municipal boundaries was a violation of the provision of the constitution giving the county courts "exclusive original jurisdiction in all matters relating to county taxes, roads, bridges, ferries, paupers, bastardy, vagrants, the apprenticeship of minors, the disbursement of money for county. purposes, and in every other case that may be necessary to the internal improvement and local concerns of the respective counties. Art. 7, § 28, Const. 1874.

But the argument that the change of boundaries between two incorporated towns is a "local concern," within the meaning of this provision of the constitution, seems to prove too much; for, if that be true, why are not the improvements of city streets and the other local improvements of the city local concerns within the meaning of the constitution, and why does not the county court have exclusive jurisdiction in such matters also? The obvious reason is that the constitution must be considered as a whole, and, to get at the meaning of any part of it, we must read it in the light of other provisions relating to the same subject. Now, the constitution authorizes the creation of municipal bodies, and permits the legislature to confer upon such bodies jurisdiction over the local concerns of such municipalities. It thus appears that the local concerns over which the county court is given exclusive jurisdiction are those which relate specially to county affairs, such as public roads, bridges, ferries, and other matters of the kind mentioned in the section referred to, and we do not think that the formation of towns and cities, or the change of their boundaries, is a local concern, of which the county court has exclusive jurisdiction. This conclusion is, we think, sustained by the former decisions of this court.

We come now to the question of whether the act attempts to delegate legislative powers to the city or town council which is authorized to order the election, a question which has been discussed with much energy and ability by counsel.   It is no doubt true that the power conferred upon the legislature to make laws cannot be delegated by it to any other body unless the authority to do so is conferred by the constitution itself.   That is a well settled maxim of constitutional law.   Cooley, Const. Lim. p. 137.   But though that much is plain, yet the question of what is and what is not a delegation of legislative power has been often before the courts, and the decisions on that question are very conflicting.   As showing this conflict, we need only refer to the case of *Forsyth* v. *Hammond*, 68 Fed. 774.   This case came first before a United States circuit court in Indiana, which held that a statute conferring authority upon a board of county commissioners to determine the expediency of granting petitions for annexation of territory to cities, and to order the annexation made if deemed proper, did not delegate legislative power.   The same question came before the supreme court of that state, which followed the federal court and decided that the power conferred on the board was not legislative.   *Forsyth* v. *Hammond*, 40 N. E. 267, 41 N. E. 950.   Counsel have now called our attention to the fact that when the case decided by the federal court came on appeal before the court of appeals for the Seventh circuit, that court reversed the judgment of the circuit court, and disapproved and refused to follow the judgment of the supreme court of Indiana construing a statute of that state, and held that the power given to the board to grant or refuse a petition for annexation was legislative, and that therefore no appeal lay from the decisions of the board in that regard.   *Forsyth* v. *Hammond*, 71 Fed. 443.   This ruling was clearly different from the rule followed in this state, where judgments of county courts in matters of annexation or territory have always been considered as subject to appeal, thus indicating that the courts of this state have not regarded such a power as legislative, for it is not usual to allow appeals from legislative bodies. *Gunter* v. *Fayetteville*, 56 Ark. 202.   But, apart from this, there is still another chapter in the history of the case above mentioned, for the case was carried to the supreme court of the United States, and there the decision of the court of appeals was in turn reversed

on the ground that the court of appeals erred in not following the decision of the state court in a matter involving only the construction of a state law. *Forsyth* v. *Hammond,* 166 U. S. 506. There are, as before stated, many and conflicting decisions on the question, and the reasoning in some of them is highly refined, and the distinctions drawn are sometimes shadowy. One of the leading cases on this question was decided by the supreme court of Pennsylvania over a quarter of a century ago. The legislature of that state passed a law submitting to the voters of the locality affected the question of whether license should be granted to sell intoxicating liquors in a certain district of the city of Philadelphia. Certain persons objected to the statute, and contended before the court that it was an attempt on the part of the legislature to delegate to the voters of the district the authority to make laws in reference to selling intoxicating liquor. But, though this question is no longer an open one in this state, the decision of the Pennsylvania court is instructive on account of the able discussion of the question of what constitutes a delegation of legislative power that may be found in the opinion in that case. The court held, as the courts of this state have always held, that permitting the citizens to determine by popular vote whether or not it should be lawful to issue license for the sale of intoxicating liquors was not a delegation of legislative power. The legislature, said the court, "cannot delegate its power to make a law; but it can make a law to delegate a power to determine some fact or state of things upon which the law makes or intends to make its own action depend." To deny this, said the court, would be to forbid the wheels of government to move. "There are many things upon which wise and useful legislation must depend, which cannot be known to the lawmaking power, and must therefore be a subject of inquiry and determination outside the halls of legislation." *Locke's Appeal,* 72 Pa. St. 491.

The question of whether a statute passed for the consolidation of two municipalities, and which provided that it should not take effect unless accepted by the voters of the respective municipalities, was unconstitutional as being a delegation of legislative power, came before the supreme court of Massachusetts in the case of *Stone* v. *Charlestown,* and was decided by Chief Justice Gray in a clear and convincing opinion. "Amid all the diversity

of opinion upon the much vexed question, how far statutes may be made contingent upon being accepted by popular vote without violating the principle that legislative power cannot be delegated, there is," he said, "a complete harmony of adjudication in favor of the authority of the legislature, unless controlled by a special constitutional provision upon the subject, to submit statutes dividing or uniting counties or towns, or establishing or enlarging a city, to a vote of the inhabitants of the territory immediately affected."

After citing many cases to sustain this statement, he proceeds as follows: "The legislature, having the exclusive power of determining whether such an act shall or shall not be submitted to popular vote at all, may also determine how the vote shall be taken upon any act so submitted, and, when the municipality in question is a city, whether the vote upon its acceptance shall be by the city council, as representing the whole city, or by the inhabitants themselves." *Stone* v. *Charlestown,* 114 Mass. 214.

Now, this decision shows, and counsel admit, that the legislature had the power by a general law to require a city council, upon petition therefor being filed, to submit the question of the consolidation or annexation of adjoining towns to a vote of the people. But what is it that the people decide in such case? If they decide anything, they decide whether the annexation is desirable or not, and, as stated in the case last referred to, the question may be submitted either to the people or to the town council as representing the people. In submitting such a question to a popular vote, "the legislature does not in any sense delegate its constitutional authority, but, in the exercise of that authority, determines that, if the inhabitants of that part of the state to be immediately affected by the proposed change assent to it, public policy requires it to be made, and that without such assent the other considerations offered in support of it are not sufficient to justify its adoption by the legislature." *Stone* v. *Charlestown, supra.*

Now, this annexation proceeding considered by the Massachusetts court rested on a special act, which did not take effect until ratified by a vote of the inhabitants of the town. An adverse vote would have annulled the law. In other words, the power to say that this law should or should not take effect was left to the

discretion of the voters, and yet the court said that the statute did not delegate the power to make law, but that the legislature had only declared, as it had the right to do, that the law should not take effect unless assented to by a majority of the voters. "The law did not spring from the vote, but the vote sprang from the law, and the law alone declared the consequence to flow from the vote."

Conceding, then, that the power to change the boundaries of a municipal corporation is a legislative power, still, when the legislature has passed the law under which the change is to be effected, it may make it a condition upon which the law shall take effect, either that the people shall assent to it, or that the town council as representing the people shall assent to it. And if the legislature may make the operation of the statute in any particular case depend upon either the assent of the voters of the town or the assent of the town council, why may it not require that, before the annexation or change of boundaries shall take place, there must be an assent both of the council and of the voters of the town? We think it is very clear that the legislature, having full power to prescribe the terms upon which the annexation shall take place, can, if it deems it expedient, require that the town council shall first assent to the proposition to call an election, and that thereafter a majority of the voters must assent to the annexation before it takes effect. The fact that the law requires that the council, before ordering the election, shall take into consideration the effect of the annexation upon the entire territory affected, and not make the election unless they are of the opinion that the annexation "will promote the convenience and welfare of the people of said combined territory, and be susceptible of making a compact and proper municipal corporation," makes no difference, for, if the statute was silent on that point, that is what the council should do as a matter of justice, and it is what the courts would presume that it did do.

We have, then, here a law which left the hands of the legislature complete in every respect, but which, in deference to the wishes of the people of the locality affected, and to the wishes of the town council, the representatives of the people, provides, in effect, that it shall not take effect upon any particular locality until the application of it shall be found to be expedient by a

council of one of the towns affected, and afterwards ratified by a majority of the voters of the combined territory.

The town council did not make the law by which the annexation is accomplished, any more than those who vote against granting license to sell whiskey make the law against selling liquor without license. In each case the legislature enacted a complete statute, but made its enforcement depend upon the wishes of the people specially interested and fitted to determine the question of the expediency of putting the statute in operation in their locality.

We are therefore of the opinion that no legislative power was delegated by this act, and we think that this conclusion is in harmony with our own decisions, and is supported by recent decisions of the supreme court of the United States. *Field* v. *Clark,* 143 U. S. 649; *People* v. *Butte,* 4 Mont. 174; *Ford* v. *Des Moines,* 80 Ia. 626; *Vestal* v. *Little Rock,* 54 Ark. 321; *Gunter* v. *Fayetteville,* 56 Ark. 202.

But suppose that we concede that the authority conferred on the town council by this act is to some extent legislative, does it follow that the act is therefore void? Counsel for the city cite no authority to that effect, but seems to rest on the assertion that counsel for appellee concede it to be so. Now, there is nothing better settled than that the legislature may delegate to a town council legislative authority over the muncipal affairs of the town. It could not authorize one town to pass ordinances for the government of another town, for that would be unwarranted and without reason. But the discretion vested in the council of North Little Rock by this statute, if in any sense it can be said to be legislative, was not to legislate generally for the Eighth Ward of Little Rock; for it simply authorized the council, when a petition for an election on the question of annexation should be filed with the council signed by a majority of the electors both in the territory to be annexed and that to which the annexation is to be made, respectively, to order an election, provided it be made to appear that the boundaries of the corporation thus to be formed will promote the convenience and welfare of the people of said combined territory, and be susceptible of making a compact and proper municipal corporation. The discretion thus vested in the council concerned a question in which the town of North Little Rock and the Eighth Ward were mutually interested, and the extent of the

authority conferred upon the council was to order an election, to the end that the wishes of the majority of the electors in the town and ward on the question of annexation might be ascertained. The order of the council did not make the annexation, but went only to the extent of determining the expediency of an election, and of making an order for the same, as authorized by the statute. Whether we call this action of the council legislative or administrative can, we think, have no effect on the validity of the law, for the legislature had the power to confer the authority. *State ex rel.* v. *Cincinnati,* 52 Ohio St. 419.

There are other questions raised by the learned counsel for the city, but we have discussed those which seemed to present the most difficulty, and think that it is unnecessary to prolong the discussion of the validity of this statute further. We will only add that, feeling some doubt of the expediency of cutting off a large portion of the city of Little Rock and annexing it to the town of North Little Rock, we have given careful attention to the whole argument, and after full consideration thereof feel compelled to hold that the statute in question is a valid law, and that the courts have no power to forbid its enforcement.

We are therefore of the opinion that the judgment of the chancery court refusing the injunction to restrain further proceedings under the act was right, and should be affirmed. It is so ordered.