CITY OF CAVE SPRINGS, Arkansas, and the Cave
Springs Planning Commission v. CITY OF
ROGERS, Arkansas, the Reaves Family Limited
Partnership, Wayne Simpson and Pat Simpson,
Trustees of the Simpson Family Revocable
Trust, and Mark Pryor, Attorney General for
the State of Arkansas

00-669                                      37 S.W.3d 607

Supreme Court of Arkansas
Opinion delivered February 15, 2001

*Jim D. Johnson, P.A.*, by: *Jim Johnson*, for appellant.

*Jim Clark* and *Ben Lipscomb*, Office of Rogers City Attorney, and *Watkins & Scott, P.L.L.C.*, by: *William P. Watkins*, for appellees.

DONALD L. CORBIN, Justice. Appellants City of Cave Springs and the Cave Springs Planning Commission filed an action for declaratory judgment in the Benton County Circuit Court seeking a determination that Act 779 of 1999 is unconstitutional. Act 779 ("An Act to Assist Landowners to Obtain Municipal Services; and for Other Purposes") was enacted by the Arkansas General Assembly on March 22, 1999. The Act provides that "[a] landowner or group of landowners seeking additional municipal services may have their land detached from the municipality in which it is located and annexed into another municipality that borders the land" in order to obtain the services. The Act only allows annexation after the municipality in which the land is located has first had the opportunity to provide the requested services. The

trial court dismissed Appellants' action, and Appellants now allege four points of error on appeal, none of which have merit. As this appeal involves an issue of statutory construction, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(6). We affirm.

The facts leading up to the present dispute are as follows. Appellees, The Reaves Family Limited Partnership and Wayne Simpson and Pat Simpson, Trustees of the Simpson Family Revocable Trust, are the owners of agricultural land that was annexed by the city of Cave Springs on July 20, 1992. On August 4, 1999, Appellees mailed a letter to the mayor of Cave Springs requesting a "commitment, in writing, within 30 days, that the City of Cave Springs will take substantial steps within 90 calendar days after receipt of this statement toward making the requested services [municipal water and sewer service] available to the subject property." The city attorney responded, by letter on August 21, 1999, that considering the fact that the property was zoned agricultural, the city could not provide the services requested. Following Cave Springs's refusal to provide the requested services, the landowners filed a petition for annexation and notice before the city council of Rogers, pursuant to Act 779. Cave Springs filed a notice of objection to the landowners' petition for annexation, but the city of Rogers passed an ordinance accepting and annexing the property, zoning it agricultural.

On October 20, 1999, Appellants filed a petition for declaratory judgment, naming the landowners, the City of Rogers, and Mark Pryor, Arkansas Attorney General, as defendants. Appellants asserted the following allegations: (1) the landowners failed to properly file a statement with the municipality as required under Act 779; (2) the Rogers ordinance contains an emergency clause that does not state facts constituting an emergency, and thus is invalid; (3) Act 779 is unconstitutionally vague; (4) Act 779 violates procedural due-process rights; (5) Act 779 is an unconstitutional delegation of legislative authority; and (6) Act 779 is unconstitutional because it operates retroactively. Appellees, in turn, filed a motion to dismiss under Ark. R. Civ. P. 12(b)(6). The trial court conducted a hearing, and ultimately granted Appellees' motion to dismiss. This appeal follows.

## I. Vagueness & Due Process

For their first point on appeal, Appellants argue that the trial court erred in finding that Act 779 is not unconstitutionally vague and does not violate procedural due-process rights. Appellants allege that Act 779 impairs the fundamental rights of a municipality, and that they may be considered "persons" for purposes of challenging Act 779 on due-process grounds. We reject this argument, as it is premised on Appellants' erroneous notion that a municipality, such as Cave Springs, is afforded such constitutional protections.

██ The United States Supreme Court has ruled that a city cannot invoke the protection of the Fourteenth Amendment against the state. *See City of Newark v. State of New Jersey,* 262 U.S. 192 (1923). Similarly, this court has held that a political subdivision of the state cannot invoke the protection of the Fourteenth Amendment against the state itself. *Arkansas State Hosp. v. Goslee,* 274 Ark. 168, 623 S.W.2d 513 (1981). Furthermore, in *Stilley v. Henson,* 342 Ark. 346, 355, 28 S.W.3d 274, 279 (2000), this court recognized the limited powers bestowed on municipal corporations:

> Municipal corporations are creatures of the legislature and as such have only the power bestowed upon them by statute or the Arkansas Constitution. *Jones v. American Home Life Ins. Co.,* 293 Ark. 330, 738 S.W.2d 387 (1987). It is well settled that municipal corporations have no inherent powers and can exercise only (1) those expressly given to them by state statute or the Arkansas Constitution, (2) those necessarily implied for the purposes of, or incident to, the express powers, and (3) those indispensable, not merely convenient, to their objects and purposes. *Cosgrove v. City of West Memphis,* 327 Ark. 324, 938 S.W.2d 827 (1997). Finally, any substantial doubt about the existence of a power in a municipal corporation must be resolved against it. *Id.; City of Little Rock v. Cash,* 277 Ark. 494, 644 S.W.2d 229 (1982); *Town of Dyess v. Williams,* 247 Ark. 155, 444 S.W.2d 701 (1969).

██ Clearly, under Arkansas law, Cave Springs is a municipal corporation. As far back as 1878, this court has held that counties, cities, and towns, are municipal corporations. *See Roberts v. Watts,* 263 Ark. 822, 568 S.W.2d 1 (1978); *Eagle v. Beard,* 33 Ark. 497 (1878). This holding was reiterated in *City of Hot Springs v. Gray,* 215 Ark. 243, 219 S.W.2d 930 (1949). As a municipal corporation, Cave Springs is a creature of the legislature, not a person, and may

not assert the Fourteenth Amendment protections against the State. Accordingly, we need not address Appellants' argument that Act 779 is unconstitutionally vague under procedural due-process standards.

██ Even though Appellants are not "persons" for purposes of the Due Process Clause of the Fourteenth Amendment, the trial court was correct in ruling that they have standing to challenge the constitutionality of Act 779. Arkansas's law on declaratory judgments provides that a municipal corporation may be a person for purposes of obtaining declaratory relief. *See* Ark. Code Ann. § 16-111-101 (1987). Arkansas Code Annotated § 16-111-104 (1987) further provides:

> Any person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

Clearly, Cave Springs's rights are affected by Act 779. Land that was once a part of its borders has now been annexed by a neighboring city, pursuant to the Act. Thus, Appellants' standing is not derived from the Fourteenth Amendment, but from section 16-111-104.

## II. Delegation of Legislative Authority

██ For their next argument, Appellants assert that the trial court erred in finding that Act 779 is not an unconstitutional delegation of legislative authority. Specifically, Appellants contend that the Act impermissibly delegates the job of defining the law to landowners and annexing municipalities, thereby creating a danger of arbitrary and discriminatory application. Appellants further argue that Act 779 fails to provide any procedural safeguards in the form of judicial review. In reviewing the constitutionality of an act, we recognize that every act carries a strong presumption of constitutionality. *State of Washington v. Thompson*, 339 Ark. 417, 6 S.W.3d 82 (1999); *City of N. Little Rock v. Pulaski County*, 332 Ark. 578, 968 S.W.2d 582 (1998). The burden of proof is on the party

challenging the legislation to prove its unconstitutionality, and all doubts will be resolved in favor of the statute's constitutionality, if it is possible to do so. *Foster v. Jefferson County Bd. of Election Comm'rs*, 328 Ark. 223, 944 S.W.2d 93 (1997). An act will be struck down only when there is a clear incompatibility between the act and the constitution. *Robert D. Holloway, Inc. v. Pine Ridge Add'n Resid. Prop. Owners*, 332 Ark. 450, 966 S.W.2d 241 (1998).

■ This court has long recognized the rule that while the legislature may not delegate its power to make laws, it can make a law and prescribe the conditions upon which it may become operative. *Leathers v. Gulf Rice Ark., Inc.*, 338 Ark. 425, 994 S.W.2d 481 (1999); *Swanberg v. Tart*, 300 Ark. 304, 778 S.W.2d 931 (1989). In the instant matter, the trial court found that there was no unconstitutional delegation of legislative authority because the Act simply provides a property owner with a mechanism for obtaining services when the municipality it is in is unable to provide those services. We agree.

■■ In *Little Rock v. North Little Rock*, 72 Ark. 195, 79 S.W. 785 (1904), this court recognized that the legislature has wide discretion over matters involving the changing of boundaries between towns. This court further stated that the power of the legislature to pass a statute affecting boundaries may not be questioned unless it has been limited by a constitutional provision. Act 779 specifically sets forth certain conditions that must be met before a landowner can attempt to petition another city for annexation. Those conditions include the requirements of providing notice and an opportunity for the city where the land is located to provide the requested services. Moreover, the Act requires that the annexing city must commit to making the services available. The requirements enumerated in Act 779 will prohibit any arbitrary or discriminatory application of its provisions.

■ As to the issue of judicial review, it is true that in *Cantrell v. Vaughn*, 228 Ark. 202, 306 S.W.2d 863 (1957), this court held that both landowners and the city needed the protection afforded by the exercise of judicial review in matters of annexation. The situation here is distinguishable, however. As previously noted, Act 779 contains procedural safeguards that will prevent arbitrary or discriminatory application of its provisions. Furthermore, there is ample opportunity for judicial review of an annexation filed pursu-

ant to this Act. A municipal corporation, or even a landowner, may seek a declaration of rights under the Declaratory Judgment Act, codified at Ark. Code Ann. § 16-111-101-111 (1987), thus allowing for judicial review of any action taken pursuant to Act 779. Accordingly, Appellants' argument on this point is without merit.

### III. Retroactive Operation

Next, Appellants argue that Act 779 is unconstitutional because it operates retroactively. Appellants assert that Act 779 could impair a city's rights on bond issues, and that when a statute impairs a city's rights in property, that statute may not be applied retroactively. Specifically, Appellants argue that this law goes back and affects their tax base as far as their ability to meet municipal debt.

█ The general rule is that all legislation is presumed to apply prospectively unless the legislature expressly declares, or necessarily implies by the language used, an intent to give a statute retroactive effect. *Woodhaven Homes, Inc. v. Kennedy Sheet Metal Co.*, 304 Ark. 415, 803 S.W.2d 508 (1991); *Arkansas Rural Med. Pract. Student Loan & Scholarship Bd. v. Luter*, 292 Ark. 259, 729 S.W.2d 402 (1987). A statute will not be given a retroactive application when it takes away a vested right unless such is the "unequivocal and inflexible import of the terms and the manifest intention of the legislature." *Id.* at 262, 729 S.W.2d at 403 (quoting *United States v. Security Indus. Bank*, 459 U.S. 70 (1982)).

█ Here, there is nothing explicit or implicit in the language of Act 779 to indicate that it is to apply retroactively. This Act simply creates a mechanism by which landowners may obtain basic municipal services. Again, Appellants attempt to support their argument on this point by asserting some type of fundamental right in property owned by private landowners. It is true that the city has an interest in maintaining their borders, but as previously pointed out, this right is also subject to legislative control. This court previously rejected an argument that one city's annexation of land located in a contiguous city amounted to a taking without due process of law and just compensation. *See Little Rock*, 72 Ark. 195, 79 S.W. 785. There, this court recognized that a statute allowing

annexation did not deal with property interests, but rather with the territory of cities and towns that, under certain circumstances, may be annexed to other corporations of that kind. Thus, we reject Appellants' argument that this Act provides for an unconstitutional retroactive application.

## *IV. Proper Filing of Notice*

Finally, Appellants argue that the trial court erred in finding that the landowners properly filed a statement with the municipality as required under Act 779. Appellants assert that the landowners' failure to file documents with the Cave Springs Planning Commission is fatal. This argument is without merit. Nowhere in Act 779 is a landowner required to file a statement with the municipality's planning commission. The landowners served their notice on the mayor of Cave Springs. The mayor of a city is the principal officer of that municipal corporation and possesses the chief executive power of that city. *See* Ark. Code Ann. § 14-42-102 (Repl. 1998). Thus, we cannot say it was unreasonable to serve notice on the mayor of Cave Springs.

Moreover, Appellants assertion that the notice should have gone to the planning commission because the planning commission must review any projects or proposals related to utility lines is meritless. The purpose of requiring notice is to give the municipality where the land is located an opportunity to provide services. Once the city has agreed to take the steps to provide those services, any necessary plans may then be submitted to the planning commission. It is unreasonable, however, to require that such plans be submitted from the outset when it is unknown whether the city is even capable of providing the services. Accordingly, the landowners' notice to the mayor satisfied the notice requirement of Act 779.

Based on the foregoing, we cannot say the trial court erred in dismissing Appellants' claim.

Affirmed.