CITY of LOWELL, Arkansas *v.* CITY of ROGERS, Arkansas;
Horace Obern Nations, *Trustee* of the Obern Nations Trust;
Frances B. Williams; Gilert and Eileen Brooks, *Husband* and *Wife*;
Fadil Bayyari, *Trustee* of the Fadil Bayyari Trust;
George H. Mills and Frances M. Mills, *Trustee* of the
Amended and Restated George Henry Mills Trust;
and Don Mills

00-991 43 S.W.3d 742

Supreme Court of Arkansas
Opinion delivered May 17, 2001

*Lisle Law Firm, P.A.*, by: *Stephen Lisle*, for appellants.

*Office of Rogers City Attorney*, by: *Jim Clark* and *Ben Lipscomb*; *Watkins & Scott, P.L.L.C.*, by: *William P. Watkins*; and *Ronald L. Boyer*, for appellees.

ANNABELLE CLINTON IMBER, Justice. This appeal stems from the second of a pair of cases involving the annexation by the City of Rogers of land located in an adjoining municipality pursuant to Ark. Code Ann. §§ 14-40-2001—2002 (Supp. 1999).[1] In the first case, *City of Cave Springs v. City of Rogers*, 343 Ark. 652, 37 S.W.3d 607 (2001), the City of Cave Springs contended that Act 779 of 1999 is unconstitutionally vague under due-process standards and that the Act is an unconstitutional delegation of legislative authority. It also argued that the landowners failed to properly file a statement with the municipality as required under the Act. We declined to address the vagueness argument because a municipal corporation is not a "person" for purposes of challenging Act 779 on procedural due-process grounds. We also concluded that the Act was not an unlawful delegation of legislative authority. With regard to the notice requirement of Act 779, we held that the landowners

---

[1] The Arkansas General Assembly has recently amended section 14-40-2002 and added sections 14-40-2003—2005. *See* Act 1525 of 2001.

properly filed a statement with the municipality by serving notice on the mayor of the city instead of the city's planning commission.[2] *Id.*

In the instant case, certain landowners[3] within the City of Lowell sent a petition and notice to the mayor of Lowell, pursuant to Act 779, requesting that the City of Lowell "make a commitment [in writing, within 30 days] to take substantial steps within 90 calender days after this petition is filed toward making water and sewer services available, and within each 30-day period thereafter, to continue to take steps demonstrating a consistent commitment to provide the services within a reasonable time." The mayor of Lowell responded by letter that the city could provide water to the property and that the city had a contract with an engineering firm to perform a sewer study. The mayor's letter further stated that the city was "committed to providing sewer service to the area as soon as feasibly possible." Apparently dissatisfied with the mayor's response, the landowners presented petitions for annexation and notice to the city council of Rogers, pursuant to Act 779, and the City of Rogers subsequently passed ordinances accepting and annexing the property.

Thereafter, the City of Lowell filed suit in the Benton County Chancery Court seeking a declaratory judgment that Act 779 is unconstitutional and that the landowners' respective properties remain a part of the City of Lowell. The suit named the City of Rogers and the individual landowners as defendants. Following an order transferring the case to the Benton County Circuit Court, the landowners and the City of Rogers filed a motion for summary judgment. The trial court granted summary judgment and dismissed the case with prejudice. In doing so, the trial court made the following findings:

 • Act 779 does not violate either the United States or Arkansas Constitutions;

---

[2] Although not relevant to this appeal, we also rejected the city's argument that Act 779 provides for an unconstitutional retroactive application.

[3] The Horace Obern Nations Trust, Horace Obern Nations, trustee; Frances B. Williams; Gilbert and Eileen Brooks; The Fadil Bayyari Trust, Fadil Bayyari, trustee; the amended and restated George Henry Mills Trust, George H. Mills and Frances M. Mills, trustees; Don Mills; the Ingrid D. Costaldi Trust, Dated 12/22/86, Ingrid D. Costaldi, trustee; Diane Huffman; and Roy D. and Shirley J. Miller. All of these landowners, except for the Ingrid D. Costaldi Trust, Diane Huffman, and Roy D. and Shirley J. Miller, are appellees herein.

• Act 779 does not constitute an unlawful or unconstitutional delegation of legislative authority;

• Act 779 contains sufficient standards and safeguards to protect the interests of all parties;

• the landowners complied with the notice requirement of Act 779 by sending their notices to the mayor of Lowell;

• the City of Lowell did not make a commitment to provide the requested services;

• the City of Lowell has no standing to raise the argument that the City of Rogers has not taken substantial steps to provide the services requested by the landowners in the time set out in Act 779; and

• even if the City of Lowell did have standing to raise that issue, the City of Rogers has complied with the requirements of Act 779 and the services are available.

The City of Lowell now appeals from the trial court's entry of summary judgment.

■■ For its first three points on appeal, the City of Lowell argues (1) that Act 779 is an unconstitutional delegation of legislative authority to private property owners because it does not contain procedural safeguards or standards and does not afford any form of review; (2) that Act 779 is unconstitutionally vague due to several alleged deficiencies: it provides no procedures for filing a request for services; it contains no definition of "substantial steps;" it cannot be reconciled with other state statutes governing municipal annexation; and it allows municipal property to be completely severed from other municipal territory, i.e. the creation of an "island" of one city within another city's boundaries; and (3) that the trial court erred in finding that the landowners properly filed a statement with the municipality under Act 779, when the landowners served notice on the city's mayor instead of the city's planning commission. Each of these arguments must be rejected for the reasons enumerated by this court in *City of Cave Springs v. City of Rogers, supra*. Specifically, we held in that case that Act 779 was not an unconstitutional attempt to delegate legislative authority, and that the landowners satisfied the notice requirement of Act 779 by serving their notice on the city's mayor instead of the city's planning commission. *Id*. With regard to the vagueness argument, we

held that a municipal corporation is not a "person" for purposes of the Due Process Clause of the Fourteenth Amendment. Accordingly, we declined to address the city's argument that Act 779 is unconstitutionally vague. *Id.* Likewise, we decline to address the City of Lowell's vagueness argument in this case.

Next, the City of Lowell contends the trial court erred when it found as a matter of law that "the City of Lowell did not make a commitment to provide the requested services." We agree that the trial court erred in so finding as a matter of law.

 Our standards governing the entry of summary judgment are well-settled:

> "Summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law." *Wallace v. Broyles*, 331 Ark. 58, 66, 961 S.W.2d 712 (1998) (*Wallace I*) (citing *Pugh v. Griggs*, 327 Ark. 577, 824 S.W.2d 387 (1992)). The standard is whether the evidence is sufficient to raise a fact issue, not whether the evidence is sufficient to compel a conclusion. *Id.* (citing *Caplener v. Bluebonnet Milling Co.*, 322 Ark. 751, 911 S.W.2d 586 (1995)). A fact issue exists, even if the facts are not in dispute, if the facts "may result in differing conclusions as to whether the moving party is entitled to judgment as a matter of law. . . . [I]n such an instance, summary judgment is inappropriate." *Wallace v. Broyles*, 332 Ark. 189, 961 S.W.2d 712 (1998) (supplemental opinion denying rehearing) (*Wallace II*).
>
> On review, this court determines if summary judgment was appropriate based on whether the evidence presented in support of summary judgment leaves a material question of fact unanswered. *Wallace I, supra.* This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Wallace I, supra.* Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties. *Id.* (citing *Angle v. Alexander*, 328 Ark. 714, 945 S.W.2d 933 (1997)).

*Ultracuts Ltd. v. Wal-Mart Stores, Inc.*, 343 Ark. 224, 231, 33 S.W.3d 128, 133 (2000). Furthermore, the object of summary-judgment proceedings is not to try the issues, but to determine whether there are any issues to be tried, and if there is any doubt whatsoever, the motion should be denied. *Flentje v. First National Bank of Wynne*, 340 Ark. 563, 11 S.W.3d 531 (2000).

■ The question before the trial court in this case was whether the City of Lowell made the "commitment" required by Act 779. Such a determination necessarily must be governed by the provisions of Act 779 that specify the "commitment" contemplated by the Act. According to section 14-40-2002(b)(1), the landowner shall file a statement with the municipality that, among other things, requests the municipality:

> to make a commitment to take substantial steps, within ninety (90) calendar days after the statement is filed, towards making the services available and within each thirty-day period thereafter to continue taking steps to demonstrate a consistent commitment to provide the service within a reasonable time, as determined by the kind of service requested.

Ark. Code Ann. § 14-40-2002(b)(1)(D)(i) (Supp. 1999). Thus, by specifying what the landowner must request in its notice to the municipality, the legislature has delineated what course of action the city must commit or obligate itself to take within specified periods of time. In other words, the Act outlines specific terms of commitment that a landowner may demand from a city. The city must first *commit to take substantial steps, within the ninety-day period following receipt of the landowner's notice, toward making the services available. Id.* Next, the city must *continue to take steps, within each thirty-day period thereafter, to demonstrate a consistent commitment to provide the services within a reasonable time. Id.* With regard to this latter requirement, the Act further states that the reasonableness of the time-frame within which the city commits to provide services should be determined by the kind of services requested. *Id.*

In this case, the mayor of Lowell sent a letter to the landowners, which stated, in pertinent part, as follows:

> The City of Lowell has a contract with the City of Rogers for water service in the Rogers Water District where this property is located. This property can be serviced with water in either city limits. Therefore, de-annexing for water service is not a viable reason under Act 779.
>
> The City of Lowell currently has a contract with the engineering firm of McGoodwin, Williams & Yates to perform a sewer study. We are committed to providing sewer service to this area as soon as feasibly possible.

The landowners do not dispute the timeliness of the City's written response to their statements filed pursuant to the Act. Ark. Code Ann. § 14-40-2002(b)(1)(D)(ii).

■ We conclude that genuine issues of material fact remain to be decided regarding whether the City of Lowell made the "commitment" required by Act 779. Although the facts set forth in the mayor's letter may not be in dispute, those facts could result in varying conclusions about whether the letter amounted to a "commitment" as required by Act 779. For example, the letter stated that the city has contracted with an engineering firm to perform a sewer study, presumably to determine the feasibility of providing the requested services. Hiring an engineering firm to conduct a feasibility study would be a necessary first step by the city "towards making [sewer service] available" to an area. Thus, reasonable minds might draw different conclusions from these facts as to whether the mayor's letter made a commitment *to take substantial steps toward making the service available.* Furthermore, a trier of fact might reasonably conclude that the city's commitment to provide sewer service "as soon as feasibly possible" was a commitment to provide sewer service "within a reasonable time." We therefore hold that the trial court clearly erred when it found as a matter of law that the City of Lowell "did not make a commitment to provide the requested services."

■ The City of Lowell's fifth point on appeal concerns standing. When property is detached from one municipality and annexed into another pursuant to Act 779, the Act provides:

> The annexation shall be void and the land shall be returned to the original municipality if the annexing municipality fails to take substantial steps within ninety (90) calender days after the statement is filed towards making the services available and within each thirty-day period thereafter, continues taking steps demonstrating a consistent commitment to provide the services within a reasonable time, as determined by the kind of services requested.

Ark. Code Ann. § 14-40-2002(b)(3)(B)(i). In granting the motion for summary judgment, the trial court found that "the City of Lowell has no standing to raise the argument that the City of Rogers has not taken substantial steps to provide the services requested by the landowners in the time set out in Act 779[.]" The City of Lowell avers that the trial court erred in finding that it lacked standing to make such an argument. We agree.

In *City of Cave Springs v. City of Rogers*, this court held that the original municipality's standing to challenge the constitutionality of Act 779 is not derived from the Fourteenth Amendment, but from Arkansas's law on declaratory judgments. In so holding, we specifically relied on Ark. Code Ann. § 16-111-104 (1987), which states:

> Any person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

Likewise, section 16-111-104 gives the City of Lowell standing to argue that the City of Rogers did not meet the requirements of Act 779. For purposes of declaratory-judgment actions, a municipal corporation is a "person." Ark. Code Ann. § 16-111-101 (1987). Thus, a municipality whose rights, status, or legal relations are affected by a statute is entitled to have any question of construction or validity arising under the statute determined, and the municipality is entitled to obtain a declaration of its rights, status, or legal relations arising under the statute. Ark. Code Ann. § 16-111-104. The City of Lowell's rights are clearly affected. Whether the property in question remains a part of the City of Lowell depends upon whether the City of Rogers has met its obligations under this Act. Thus, we hold that the City of Lowell has standing to argue that the City of Rogers did not comply with the provisions of the Act.

▮ Finally, the trial court made an alternative finding "that the City of Rogers has complied with the requirements of Act 779, and that the services are available." The City of Lowell asserts that the trial court erred in making this finding as a matter of law.

According to the Act, the City of Rogers was required to "to take substantial steps within ninety (90) days after the statement is filed towards making the services available[.]" Ark. Code Ann. § 14-40-2002(b)(3)(B)(i). The evidence presented in support of summary judgment leaves a material question of fact unanswered: whether "substantial steps" were taken by the City of Rogers. Tom McAlister, who oversees the operations of the Rogers water and sewer departments, testified that only one of the several landowners involved in this case had submitted a water and sewer plan that had been approved by the City of Rogers. With regard to the other

landowners, Mr. McAlister confirmed that none of them had submitted a water and sewer plan to the city for approval. With regard to the property of the Horace Obern Nations Trust, he said that the City of Rogers had not provided any water or sewer services to the property and had not taken any actions to do so. He also stated that nothing had been done by the City of Rogers to provide water or sewer to the property owned by the Fadil Bayyari Trust. He testified similarly as to the Mills property. We therefore conclude that there are genuine issues of material fact regarding whether the City of Rogers "complied with the requirements of Act 779." The trial court's entry of summary judgment on this question was inappropriate. *Ultracuts Ltd. v. Wal-Mart Stores, Inc., supra.*

Affirmed in part; reversed and remanded in part.