STATEWIDE OUTDOOR ADVERTISING, LLC, and
Sears Gentry *v.* TOWN of AVOCA, ARKANSAS

CA 08-483                                289 S.W.3d 111

Court of Appeals of Arkansas
Opinion delivered November 5, 2008

*Ed Daniel IV, P.A.*, by: *Kathleen Reynolds* and *Ed Daniel, IV*, for appellants.

*Andrew R. Huntsinger* and *Howard L. Slinkard*, for appellee.

S AM BIRD, Judge. This is an appeal from the trial court's dismissal of the complaint of appellants, Statewide Advertising, LLC, and Sears Gentry. The trial court dismissed appellants' declaratory-judgment action against appellee, the town of Avoca, for failure to state a cause of action. We reverse the trial court's order.

## I.

According to appellants' complaint and attached exhibits, the following events led to this dispute. Statewide leased two billboard spaces in the town of Avoca from Mr. Gentry and obtained permits from the Arkansas State Highway Commission, through the Arkansas Highway and Transportation Department (hereinafter AHTD), to build outdoor advertising billboards on the sites. AHTD issued Permit A092732 on February 22, 2006, and Permit A092741 on April 27, 2006. Statewide began construction of the billboards on June 5, 2006, and completed construction on July 12, 2006.

On September 5, 2006, the mayor of Avoca sent a letter to AHTD complaining about the billboards, stating that the billboards were in violation of Avoca's new Ordinance No. 73, which required any new commercial development in Avoca to be approved by the town council. On October 16, 2006, the mayor sent another letter to AHTD, stating that AHTD had failed in its duty to inspect the locations for the billboards and that the billboards were in violation of Avoca's new Ordinance No. 75, passed on September 12, 2006, which established a one-hundred-eighty-day moratorium on the erection of billboards within the Avoca city limits. On January 4, 2007, the recorder-treasurer of Avoca sent AHTD a letter asking for a response to the mayor's letter of October 16, 2006. On January 10, 2007, AHTD responded, stating: "Unfortunately, an ordinance prohibiting billboards was not in place at the time the permit applications were received."

Finally, on March 14, 2007, Avoca alderman, Darlene Gregory, faxed a copy of Ordinance No. 69 to AHTD. Ordinance No. 69 states in pertinent part as follows: "Any person, partnership, corporation or other legal entity shall, before commencing construction on any commercial or industrial building or structure and/or before commencing any business activity must first obtain a business permit from the Town of Avoca." On August 17, 2007, Avoca, through its attorneys, the Slinkard Law Firm, sent a letter to Statewide indicating that the firm represented the town of Avoca and had been asked to write Statewide "concerning the above referenced billboards," which were referenced by their permit numbers.

The letter explained as follows:

> As Statewide has previously been informed by the Arkansas State Highway and Transportation Department (the Highway Depart-

ment) that the above referenced billboards are located within the incorporated town limits of the Town of Avoca, Statewide should be aware that it is subject to the ordinances and regulations of the Town of Avoca. Specifically, Statewide was required to comply with Avoca Ordinance No. 69 which set forth that business permits must be acquired from the Town before certain activities may be conducted within the Avoca town limits.

The letter then set forth Ordinance No. 69. The letter said that the billboards constituted "a commercial structure" and, therefore, that Statewide was required to obtain a permit before it began construction. The letter continued, stating, "Statewide failed to comply with Town Ordinances, and consequently, their permit for the billboards has been revoked by the Highway Department." The letter stated that since Statewide had "failed to comply with the orders of the Highway Department by not removing the billboards, and [had] failed to obtain a business permit as required under Ordinance No. 69, the Town of Avoca is compelled to act. Pursuant to Section 7 of Ordinance No. 69, Statewide shall be fined fifty dollars ($50.00) per day until the billboards in question are removed."

On September 8, 2007, appellants filed a complaint against the town of Avoca, alleging that Avoca was demanding removal of the billboards, that Avoca was attempting to enforce an illegal ordinance against them, and that irreparable harm would result if the situation were permitted to continue. Appellants requested damages, a preliminary and permanent injunction, and a declaratory judgment finding that Ordinance No. 69 did not require appellants to obtain a business permit to build the two billboards or prohibit the erection of the billboards in any other manner.

Avoca responded by filing a motion to dismiss pursuant to Rules 12(b)(6) and 8(a) of the Arkansas Rules of Civil Procedure, alleging that it had not ordered the removal of appellants' billboards nor cited appellants for any violation of town ordinances. Therefore, the town argued, there were no facts presented in the complaint upon which relief could be granted.

The trial court granted Avoca's motion, finding that appellants did not state any facts "alleging they ever applied and were denied a permit to erect the structures (billboards), nor do they allege in the Complaint (when taken with the incorporated exhibits) that the Town of Avoca *has or could have demanded the removal of the commercial structure*." (Emphasis added.) The trial court went on

to explain that while AHTD had "interacted" with appellants, the town of Avoca had "not interacted with Plaintiffs to permit the structure or to demand its removal." Thus, held the court, there was "no case or controversy alleged in the Complaint between the Plaintiffs and this Defendant."

## II.

We review a trial court's decision on a motion to dismiss by treating the facts alleged in the complaint as true and by viewing them in the light most favorable to the plaintiff. *See Clowers v. Lassiter*, 363 Ark. 241, 213 S.W.3d 6 (2005); *King v. Whitfield*, 339 Ark. 176, 5 S.W.3d 21 (1999). In viewing the facts in the light most favorable to the plaintiff, the facts should be liberally construed in the plaintiff's favor. *Clowers*, 363 Ark. at 243, 213 S.W.3d at 8. Our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. Ark. R. Civ. P. 8(a)(1); *Grine v. Board of Trustees*, 338 Ark. 791, 2 S.W.3d 54 (1999).

Appellants contend on appeal that the trial court's order must be overturned because it does not address an aggrieved party's right to declaratory judgment pursuant to Ark. Code Ann. § 16-111-102 to -104 (Repl. 2006). Viewing the facts alleged in the complaint as true and in the light most favorable to the plaintiff, we find the circuit court erred and reverse its order dismissing appellants' complaint.

The Arkansas statutes governing actions for declaratory judgment very clearly state that they are to be "liberally construed and administered." Ark. Code Ann. § 16-111-102(c). The stated purpose of a declaratory-judgment action is to "settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." Ark. Code Ann. § 16-111-102(b). Pursuant to Ark. Code Ann. § 16-111-104, any person "whose rights, status, or other legal relations are affected by a . . . municipal ordinance . . . may have determined any question of construction or validity arising under the . . . ordinance . . . and obtain a declaration of rights, status, or other legal relations thereunder."

Municipal corporations are creatures of the legislature and as such have only the power bestowed upon them by statute or the Arkansas Constitution. *City of Cave Springs v. City of Rogers*, 343 Ark. 652, 657, 37 S.W.3d 607, 610 (2001). Moreover, any substantial doubt about the existence of a power in a municipal

corporation must be resolved against it. *Id.* In their complaint, appellants alleged that the town of Avoca is not a city of the first class, and therefore its power to regulate derives from Ark. Code Ann. § 14-56-201 (Repl. 1998) — which allows regulation of buildings — and not Ark. Code Ann. § 14-56-202 (Supp. 2007), governing cities of the first class — which allows for more extensive regulation, including the regulation of structures. Therefore, appellants contended in their complaint, Ordinance No. 69 was not promulgated in compliance with Arkansas law and exceeds the authority delegated to Avoca to regulate "buildings." Accordingly, appellants alleged that Avoca had no power to regulate its billboards.

Further, while the trial court's order stated that appellants did not allege in their complaint that Avoca "has or could have demanded the removal of the commercial structure," we find that appellants did in fact so allege. In paragraph 4 of the complaint, appellants contended that Avoca had "exceeded its authority under Arkansas law by demanding that plaintiffs remove two outdoor advertising billboards . . . pursuant to an ordinance governing business permits in Avoca ('Ordinance 69')." In paragraph 28, appellants argued that they will suffer irreparable harm "if Avoca is allowed to require plaintiffs and [AHTD] to remove the Two Billboards." Again, in paragraph 32, appellants alleged that "Avoca is demanding that plaintiffs remove the lawfully erected Two Billboards and has threatened daily sanctions against Statewide." In paragraph 33, appellants alleged that "Avoca is attempting to enforce an illegal ordinance against Plaintiffs." Finally, in paragraph 40, appellants requested the trial court to enter a declaratory judgment finding that Ordinance No. 69 and all other Avoca ordinances in effect through July 12, 2006, do not require appellants to obtain a business permit to build the two billboards or prohibit the erection of the billboards in any other manner.

The trial court's finding that the town of Avoca had not interacted with appellants "to permit the structure or to demand its removal" is also incorrect. Appellants attached to their complaint numerous letters from the mayor of Avoca to AHTD stating that appellants' billboards were in violation of various ordinances of the town of Avoca, including Ordinance No. 69. Further, Avoca hired a lawyer to write a letter directly to Statewide advising it that the billboards constituted "a commercial structure" and, therefore, that Statewide was required to obtain a permit pursuant to Ordi-

nance No. 69 before it began construction. The letter stated that Statewide had failed to comply with the town's ordinances, "and consequently, their permit for the billboards [had] been revoked by the Highway Department." The letter warned that, because Statewide had "failed to comply with the orders of the Highway Department by not removing the billboards, and [had] failed to obtain a business permit as required under Ordinance No. 69, the Town of Avoca [was] compelled to act. Pursuant to Section 7 of Ordinance No. 69, Statewide shall be fined fifty dollars ($50.00) per day until the billboards in question are removed." Viewing the facts in the light most favorable to the plaintiff, we fail to see how the trial court could find that Avoca had not "interacted" with appellants "to permit the structure or to demand its removal" when Avoca's letter to Statewide was just such an "interaction" demanding removal of the billboards.

Construing the statutes governing actions for declaratory judgment liberally as required and treating the facts alleged in the complaint as true, as we must, we hold that the trial court erred in granting the town of Avoca's motion to dismiss. Appellants have filed a complaint sufficiently alleging that their rights "or other legal relations" have been affected by Ordinance No. 69, and hence they are entitled under Ark. Code Ann. § 16-111-104 to have "determined any question of construction or validity arising under" this ordinance and "to obtain a declaration of [their] rights, status, or other legal relations thereunder."

Reversed and remanded.

GRIFFEN and GLOVER, JJ., agree.