

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-16-748

| | |
|---|---|
| MARY F. DOOLEY<br>APPELLANT<br><br>V.<br><br>REGIONS BANK, TRUSTEE OF B-J<br>TRUST DATED APRIL 26, 1996; AND<br>BELINDA SHELTON AND JIMMY C.<br>DOOLEY II, BENEFICIARIES<br>APPELLEES | Opinion Delivered: September 6, 2017<br><br>APPEAL FROM THE POPE COUNTY<br>CIRCUIT COURT<br>[NO. 58CV-15-490]<br><br>HONORABLE GORDON W. "MACK"<br>MCCAIN, JR., JUDGE<br><br>AFFIRMED |

**WAYMOND M. BROWN, Judge**

Appellant Mary F. Dooley appeals the Pope County Circuit Court order dismissing her complaint against appellees Regions Bank, Trustee of B-J Trust dated April 26, 1996 (Trust), and Belinda Shelton and Jimmy C. Dooley II, beneficiaries. On appeal, she argues that the court erred by finding that her claim was barred by res judicata. She also contends that Regions Bank is not a lifetime beneficiary of the B-J Trust, and that the court erred in awarding attorney's fees. We affirm.

Mary F. Dooley and Jimmy Dooley, appellant's deceased husband, created the B-J Trust on April 26, 1994.[1] The trust stated in pertinent part:

---

[1]Although the trust was created in 1994, the complaint stated that it was created in 1996.

I.

The purpose of this trust is to provide for the general welfare of Belinda Shelton and Jimmy C. Dooley, II and to be effective until the death of Jimmy Dooley and Mary F. Dooley and to provide for the distribution of Trust Property as stated in the following paragraphs.

II.

The Trust Estate shall be divided into two equal portions one for each of our children, Belinda Shelton and Jimmy C. Dooley, II.   Said proportion shall be distributed and managed as follows:

a) The Trust fund shall be distributed equally to our said children, upon the death of Jimmy Dooley and Mary F. Dooley.

b)  Upon the death of the Trustee, Jimmy Dooley, Mary F. Dooley shall become the successor Trustee.

c)  The Trust Estate, including all income therefrom and increase thereof, is to be retained, invested or re-invested by the said Trustee in any type of real or personal property, and in any way thought advisable by the said Trustee without any statutory restriction.  He may sell any property, real or personal, publicly or privately, without Court order and without notice, and upon such terms and conditions as he believes to be satisfactory.  He may manage, control, lease or encumber the assets of the Trust Estate in any way he believes will fulfill the purpose of this Trust.

d)  Such of the income and corpus as is needed for the lifetime needs of the Trustee and Successor Trustee shall be applied or distributed by the Trustee in cash or in kind.  Said distribution shall be made to those persons and in such manner and amounts as said Trustee in their discretion believe will fulfill the purpose of this Trust, regardless of the existence of other funds available for these persons.  Said Trustees are authorized to make such distribution directly to any said beneficiary or themselves or to a beneficiary's guardian, or to any person on behalf of said beneficiary without the Trustee being liable to see the application thereof.

Mary F. Dooley and Jimmy Dooley were divorced in 2009.  As part of the divorce, the court was asked to decide (1) whether the B-J Trust was revocable or irrevocable; (2) whether the attempted modification to the Trust was valid or null and void; (3) whether the property owned by the B-J Trust should be considered marital property; (4) whether Jimmy Dooley should be removed as trustee for an alleged breach of fiduciary duty; and (5) whether the court should exercise its statutory authority to modify or terminate the Trust

because of a change in circumstances that renders the continued administration of the Trust in its current form untenable. The court filed an order on October 22, 2009, finding that (1) the Trust was irrevocable, (2) the attempted modification to the Trust was null and void, (3) the property of the Trust was not marital property and that appellant was not entitled to an "inchoate interest" in the Trust property, (4) Jimmy Dooley should be removed as Trustee based on his breach of fiduciary duty, and (5) the terms of the Trust should be modified based on material changes in circumstances which affected the ability of the Trust to serve its purpose. More specifically, the court found that the express purpose of the Trust was to preserve the Trust property for the benefit of, and ultimately distribution to, Belinda Shelton and Jimmy C. Dooley II upon the settlors' deaths. The court further found that placing Jimmy Dooley and Mary F. Dooley in the role of trustee or co-trustee was not going to work. Therefore, the court found that it had no choice but to "direct that the provisions in the B-J Trust related to Plaintiff Jimmy C. Dooley Sr. acting as Trustee and Defendant Mary F. Dooley serving as successor Trustee, as well as relating to their various rights and responsibilities as Trustee and Successor Trustee thereunder, should be and hereby are Terminated." The court substituted Regions Bank as the trustee. Neither party appealed this order.

Jimmy Dooley and Mary F. Dooley remarried on September 5, 2010. Jimmy Dooley died on October 6, 2015. Appellant wrote a letter to Regions Bank on October 20, 2015, seeking liquidation of all or a portion of the Trust property to provide funds to her for monthly living expenses. Regions responded the next day, saying that the beneficiaries

objected to any type of sale or distribution. Regions urged appellant to petition the court for a determination of the matter.

Appellant filed a Petition for Distribution of Trust Income and Corpus for Support of Widow on November 23, 2015. She maintained that since she and Jimmy remarried, there was no need for Regions Bank to continue as an "impartial third-party trustee." She asked the court to order the trustee to "pay over to [her] sufficient funds from income and/or corpus to maintain her current standard of living" and that Regions be terminated as Trustee. Regions filed an answer to appellant's complaint on December 21, 2015, pleading res judicata, deficient process, deficient service of process, failure to allege facts upon which relief may be granted pursuant to Rule 12(b)(6), and collateral estoppel. Regions also filed a motion to dismiss on December 21, 2015, arguing 12(b)(6) and res judicata. Appellees Belinda Shelton and Jimmy C. Dooley II filed an answer and a motion to dismiss along with an accompanying brief on December 31, 2015. They argued that appellant's petition should be dismissed based on res judicata and collateral estoppel. Appellant filed a response to appellees' motions to dismiss on January 19, 2016. She asked the court to deny the motions because res judicata was inapplicable to her current petition. Regions filed a reply on January 26, 2016, again asking the court to dismiss appellant's petition based on res judicata and Rule 12(b)(6).

The court filed an order on May 25, 2016, granting appellees' motions to dismiss with prejudice. The court stated in the order that it "finds that the Motion to Dismiss and corresponding Reply Brief of Separate Defendant Regions Bank accurately sets forth the facts, law and findings of the Court with regard to the instant Motions, and as such, the

Court hereby adopts them by reference as if set forth herein word for word." Appellant filed a timely notice of appeal on June 24, 2016. This appeal followed.

We generally review a circuit court's decision on a motion to dismiss by treating the facts alleged in the complaint as true and viewing them in the light most favorable to the plaintiff.[2] On those occasions where the circuit court is presented with documents outside the pleadings, we treat the case as an appeal from a summary judgment[3] and view the evidence in the light most favorable to the party opposing the motion.[4] However, when the issues on appeal do not involve factual questions but rather the application of a legal doctrine such as res judicata, we simply determine whether the appellees were entitled to judgment as a matter of law.[5]

Res judicata means that "a thing or matter has been definitely and finally settled and determined on its merits by the decision of a court of competent jurisdiction."[6] Res judicata consists of two facets, one being issue preclusion and the other claim preclusion.[7] The claim-preclusion aspect of res judicata bars relitigation of a subsequent suit when (1) the first suit resulted in a final judgment on the merits, (2) the first suit was based on proper

---

[2]*Winrock Grass Farm, Inc. v. Affiliated Real Estate Appraisers of Ark., Inc.*, 2010 Ark. App. 279, 373 S.W.3d 907.

[3]*See Bayird v. Floyd*, 2009 Ark. 455, 344 S.W.3d 80.

[4]*Winrock, supra.*

[5]*Baptist Health v. Murphy*, 2010 Ark. 358, 373 S.W.3d 269; *Winrock, supra.*

[6]*Baptist Health, id.*

[7]*Id.*

jurisdiction, (3) the first suit was fully contested in good faith, (4) both suits involve the same claim or cause of action, and (5) both suits involve the same parties or their privies.[8]

Appellant argues that res judicata based on claim preclusion does not apply because the claims are not the same and there was not an instance in which she could have raised this claim but chose not to. We disagree. All elements of claim preclusion have been satisfied in this case: (1) there was a final judgment on the merits of appellant's claim in the divorce proceeding that she was entitled to a portion of the Trust, (2) the court deciding the claim had proper jurisdiction to do so, (3) the first suit was fully contested by appellant in her attempt to receive a one-half interest in the Trust property even though she conceded that it was not marital property, (4) both suits involve the same claim by appellant that she has a monetary interest in the Trust, and (5) the same parties or their privies are involved in both suits. Accordingly, we hold that the suits involve the same claim as the divorce proceeding and res judicata barred appellant's new claim. Therefore, appellees were entitled to judgment as a matter of law.

To the extent that appellant argues that Regions Bank is not a lifetime beneficiary of the B-J Trust, that issue is not properly before us. The court named Regions as the trustee in the 2009 opinion, and appellant did not appeal from that opinion. Any attempt by appellant to revisit this issue is an improper collateral attack.

Appellant made the argument that the court erred in awarding attorney's fees in this case so that the award could be reversed if we reversed the court on the merits. Since we affirm the trial court, there is no need to address this issue.

---

[8]*Id.*

Affirmed.

V<small>IRDEN</small> and G<small>LADWIN</small>, JJ., agree.

*Taylor & Taylor Law Firm, P.A.*, by: *Andrew M. Taylor* and *Tasha C. Taylor*, for appellant.

*The Streett Law Firm, P.A.*, by: *Alex G. Streett*, *James A. Streett*, and *Robert M. Veach*, for appellee Regions Bank.

*The Brad Hendricks Law Firm*, by: *Lloyd W. Kitchens*, for appellees Belinda Shelton and Jimmy C. Dooley II.