

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV–17–310

KEN DAVID SWINDLE

APPELLANT

V.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

APPELLEE

**Opinion Delivered:** November 15, 2017

APPEAL FROM THE BENTON COUNTY
CIRCUIT COURT
[NO. 04CV-16-341]

HONORABLE BRADLEY LEWIS KARREN,
JUDGE

REVERSED AND REMANDED

## WAYMOND M. BROWN, Judge

Appellant Ken Swindle appeals the Benton County Circuit Court's order dismissing his complaint against appellee State Farm. He contends that the court erred in finding that his claim was barred by res judicata. We agree and reverse and remand.

Appellant, an attorney, filed a lawsuit (CV-13-1501-6) on behalf of Dulce Estevez in the Benton County Circuit Court and subsequently voluntarily dismissed that case in August 2014. Estevez refiled the lawsuit pro se (CV-15-1692-6) on November 6, 2015. She accepted a settlement offer from State Farm on November 11, 2015, in the amount of $2,000. Estevez filed a petition to determine lien on February 4, 2016. In that petition, she asked the court to determine that appellant's lien was invalid or that the amount claimed was incorrect. Appellant was notified about the petition via hand delivery and an email.

He advised the court that he would attend the hearing only if he was made a party or was subpoenaed. The hearing on the petition took place on March 29, 2016. The court filed an order on April 15, 2016, stating in pertinent part:

> 7. That this case was filed previously as <u>Dulce Estevez v. Phyllis Allard, CV-13-1501-6</u>. That in a telephone conference with the Court on August 12, 2014, Ken Swindle represented that he did not represent the plaintiff in the previous case. Ken Swindle then filed a Motion and Brief to Voluntarily Dismiss, representing he had the authority to dismiss the case, and the case was dismissed on August 13, 2014.
>
> 8. That according to the plaintiff, she did not give anyone authority to dismiss the case. . . .
>
> 9. That the Court finds that Ken Swindle was given notice of the Petition to Determine Lien, and that a hearing was being scheduled on the Petition, and Mr. Swindle neither entered an appearance nor appeared at the hearing.
>
> 10. That the Court finds that Mr. Swindle's [sic] cannot represent to the court that he does not represent the plaintiff, and then claim an attorney's lien on a settlement entered into by the plaintiff and defendant. The court finds that Mr. Swindle's representation that he did not represent the plaintiff serves as a waiver of any claim for an attorney's lien.
>
> 11. The Court hereby finds that any attorney's lien claim by Ken Swindle on the settlement in this case is invalid, and that State Farm is hereby ordered to issue a settlement payment to the plaintiff in the amount of $2,000.

Appellant filed a complaint against State Farm on March 8, 2016, prior to the hearing on Estevez's petition, regarding attorney's fees for a separate client. He amended the complaint on March 28, 2016, to include his claim of an attorney's lien of $800 plus $354.44 in costs in Estevez's case. In total, he requested $3,696 for litigation costs, attorney's fees, punitive damages, and interest associated with the Estevez case.[1] State Farm filed an answer

---

[1]He also requested a jury trial and all other proper relief.

to the amended complaint on April 5, 2015, seeking to either have the complaint transferred or dismissed. State Farm filed a motion for judgment on the pleadings and supporting brief on May 2, 2016, contending that appellant's claim concerning Estevez was barred by issue preclusion because appellant's lien was declared invalid by an order filed on April 15, 2016. Appellant filed a response and affidavit on May 5, 2016, contending that res judicata was inapplicable because none of the elements of res judicata could be satisfied in this case. Appellant and State Farm subsequently settled the claim concerning the initial client, and a partial order of dismissal with prejudice was filed on November 7, 2016. A hearing took place on January 3, 2017, regarding appellant's rights to a lien in the Estevez case. The court dismissed appellant's complaint against State Farm in an order filed on January 12, 2017, stating in pertinent part:

> Upon consideration of the pleadings, the facts and evidence offered in support thereof, including arguments by Mr. Smiley and Mr. Swindle, this Court finds that the Court in *Estevez v. Allard*, CV-15-1692-6, had jurisdiction pursuant to Arkansas Code Annotated § 16-22-304(e) and invalidated Mr. Swindle's attorney's lien. The appropriate avenue for Mr. Swindle to seek redress would have been to appeal the final order in [that case], which was issued on April 15, 2016. However, Mr. Swindle failed to appeal the final order in [that case].

> Additionally, this Court finds that the doctrine of issue preclusion bars the relitigation of Mr. Swindle's attorney's lien, which was invalidated by the court in *Estevez v. Allard*, CV-15-1692-6, in conjunction with his alleged representation of Dulce Estevez. Specifically, each element of issue preclusion has been satisfied. As such, the Court doth find that Defendant's Motion for Judgment on the Pleadings is hereby granted and as a result, Plaintiff's Motion to Compel[2] is moot.

Appellant field a timely notice of appeal on January 15, 2017. This appeal followed.

---

[2]Appellant filed a motion to compel on January 12, 2016, seeking information on all payments State Farm had made on Estevez's claim.

We generally review a circuit court's decision on a motion to dismiss by treating the facts alleged in the complaint as true and viewing them in the light most favorable to the plaintiff.[3]  On those occasions where the circuit court is presented with documents outside the pleadings, we treat the case as an appeal from a summary judgment[4] and view the evidence in the light most favorable to the party opposing the motion.[5]  However, when the issues on appeal do not involve factual questions but rather the application of a legal doctrine such as res judicata, we simply determine whether the appellee was entitled to judgment as a matter of law.[6]

Res judicata means that "a thing or matter has been definitely and finally settled and determined on its merits by the decision of a court of competent jurisdiction."[7]  Res judicata consists of two facets, one being issue preclusion and the other claim preclusion.[8]  Under issue preclusion (collateral estoppel), a decision by a court of competent jurisdiction on matters which were at issue, and which were directly and necessarily adjudicated, bars any further litigation on those issues by the plaintiff or his privies against the defendant or his

---

[3]*Winrock Grass Farm, Inc. v. Affiliated Real Estate Appraisers of Ark., Inc.*, 2010 Ark. App. 279, 373 S.W.3d 907.

[4]*See Bayird v. Floyd*, 2009 Ark. 455, 344 S.W.3d 80.

[5]*Winrock, supra.*

[6]*Baptist Health v. Murphy*, 2010 Ark. 358, 373 S.W.3d 269; *Winrock, supra.*

[7]*Baptist Health, supra.*

[8]*Id.*

privies on the same issue.[9]  Privity exists when two parties are so identified with one another that they represent the same legal right.[10]  We have never required strict privity in the application of res judicata, but instead have supported the idea that there must be a "substantial identity of parties" to apply the doctrine.[11]  However, there is no privity when the interests of the parties are in conflict.[12]

Here, the court found that res judicata based on issue preclusion applied and dismissed appellant's complaint.  We hold that this was in error.  Although an attorney-client relationship is usually sufficient to satisfy the privity requirement,[13] we hold that this is not the case when the parties' interests are adversary to each other.  Thus, the trial court erred by finding that res judicata supported dismissal of appellant's claim against State Farm. We therefore reverse and remand.

Reversed and remanded.

VIRDEN and KLAPPENBACH, JJ., agree.

*Baker Schulze Murphy & Patterson*, by: *J.G. "Gerry" Schulze*; and *Ken Swindle*, for appellant.

*Munson, Rowlett, Moore & Boone, P.A.*, by: *Emily M. Runyon*, for appellee.

---

[9]*Linn v. NationsBank*, 341 Ark. 57, 14 S.W.3d 500 (2000).

[10]*Jayel Corp. v. Cochran*, 366 Ark. 175, 234 S.W.3d 278 (2006).

[11]*Wells v. Heath*, 269 Ark. 473, 602 S.W.2d 665 (1980); *Rose v. Jacobs*, 231 Ark. 286, 329 S.W.2d 170 (1959).

[12]*See Spears v. State Farm Fire and Cas. Ins.*, 291 Ark. 465, 725 S.W.2d 835 (1987); *State Farm Bureau Cas. Ins. Co. v. Jackson*, 262 Ark. 152, 555 S.W.2d 4 (1977).

[13]*Jayel, supra.*